# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed.**

| **Appeal No. & Caption** | 16-1351, Dillon V. BMO Harris Bank, N.A. |
|---|---|
| **Originating No. & Caption** | 1:13-cv-00897, Dillon v. BMO Harris Bank, N.A. |
| **Originating Court/Agency** | U.S. District Court for the Middle District of North Carolina |

| **Jurisdiction** (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 9 U.S.C. Section 16(a) |
| Time allowed for filing in Court of Appeals | 30 days |
| Date of entry of order or judgment appealed | March 4, 2016 |
| Date notice of appeal or petition for review filed | March 29, 2016 |
| If cross appeal, date first appeal filed | |
| Date of filing any post-judgment motion | N/A |
| Date order entered disposing of any post-judgment motion | N/A |
| Date of filing any motion to extend appeal period | |
| Time for filing appeal extended to | |
| Is appeal from final judgment or order? | ○ Yes   ◉ No |
| If appeal is not from final judgment, why is order appealable? | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) | | |
|---|---|---|
| Is settlement being discussed? | ◉ Yes | ○ No |

01/27/2015
SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | 14-1728 | |
| Case number of any pending appeal in same case | 16-1362, 16-1351 | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ◉ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| See Attachment A. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| See Attachment A. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: See Attachment B. <br><br> Attorney: <br> Address: <br><br><br> E-mail: <br><br> Phone: | Adverse Party: <br><br> Attorney: <br> Address: <br><br><br> E-mail: <br><br> Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party: <br><br> Attorney: <br> Address: <br><br><br> E-mail: <br><br> Phone: | Adverse Party: <br><br> Attorney: <br> Address: <br><br><br> E-mail: <br><br> Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: See Attachment B.<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| **Signature:** /s/ Jonathan R. Reich | **Date:** April 13, 2016 |
|---|---|
| **Counsel for:** Generations Community Federal Credit Union ||

**Certificate of Service**: I certify that on ___April 13, 2016___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| See Attachment C. | |
|---|---|
| Signature: /s/ Jonathan R. Reich | Date: April 13, 2016 |

## ATTACHMENT A

*Dillon v. BMO Harris Bank, N.A.,* No. 16-1351
(*Dillon II*)
Prior opinion at *Dillon v. BMO Harris Bank, N.A.*,
No. 14-1728, decided May 29, 2015
787 F.3d 707 (4th Cir. 2015)

Plaintiff, James Dillon, complains to the federal courts about the terms contained in several pay day loan agreements between him and a non-party, Western Sky Financial ("Western Sky"). He applied for these loans using his personal computer at his home. Instead of suing his lenders for these allegedly-unlawful loans, he has sued a collection of banks and credit unions (the "Banks"), with whom he had no direct dealings with, and whose only role was in servicing the loans.

Mr. Dillon sued BMO Harris, N.A. ("BMO Harris"), Generations Community Federal Credit Union ("Generations"), Bay Cities Bank ("Bay Cities") and Four Oaks Bank & Trust ("Four Oaks"), based on allegations that automated clearing house ("ACH") transactions violated state and federal law. Mr. Dillon never alleges that he sought or obtained any loans from Generations. Instead, his Complaint targets banks which allegedly acted as financial intermediaries, moving money between his own bank account and CashCall, a servicer of the loan for Western Sky.

This case is a purported class action. Mr. Dillon contends that he represents a multi-state class of borrowers: any person for whom the defendant banks processed ACH transactions while the person was taking out online payday loans. Mr. Dillon's Complaint asserts claims for violation of the Racketeer Influenced and Corrupt Organizations Act, state usury and consumer protection statutes, and unjust enrichment.

In the earlier appeal to this Court, the Banks sought to enforce arbitration clauses in the loan agreements between Dillon and the non-party lenders. The district court had denied the initial motions to enforce the arbitration clauses, and the Banks filed renewed motions seeking to cure the perceived deficiencies which the trial court had relied on in dismissing the Banks' claims. The district court then denied the renewed motions without considering their merits; it construed them as motions for reconsideration, and denied them on that basis. The Banks appealed and the district court was reversed. *Dillon v. BMO Harris Bank, N.A.*, 787 F.3d 707 (4th Cir. 2015) ("*Dillon I*").

After this Court's decision in *Dillon I*, the parties conducted written discovery, document production, and depositions directed at the ends articulated in the penultimate paragraph of *Dillon I*.[1] During this discovery, Mr. Dillon dropped his objections to the authenticity of the loan agreement on which Generations' earlier motions had been predicated. Generations then moved to enforce arbitration clauses contained in loan agreements that Mr. Dillon referenced in his Complaint.

Mr. Dillon did not contest the authenticity of the loan agreement attached to Generations' second renewed motion to dismiss. This fact – that the authenticity of the loan agreement at issue in Generations appeal is not in dispute – is a key point of differentiation between Generations appeal and the current co-appeals by BMO Harris and Bay Cities. (16-1362 and 16-1373).

---

[1] "On remand, the district court must determine whether Dillon's claims are 'referable to arbitration under an agreement in writing for such arbitration,' unless it finds that the Banks are 'in default in proceeding with such arbitration.' 9 U.S.C. § 3. And, with respect to the two banks that seek orders compelling arbitration, the court must decide whether those banks are 'aggrieved by the . . . failure, neglect, or refusal of [Dillon] to arbitrate under a written agreement for arbitration.' *Id.* § 4. If unresolved questions of material fact prevent the court from ruling on the Renewed Motions, the court shall hold 'an expeditious and summary hearing' to resolve those questions. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 22, 103 S.Ct. 927."

On March 4, 2016, the district court denied Generations' second renewed motion to dismiss. The district court placed reliance on this Court's decision in *Hayes v. Delbert Servs. Corp.*, 811 F.3d 666 (4th Cir. 2016) and denied Generations' motion to dismiss. The district court's decision conflicts with both existing precedent from the United States Supreme Court and this Court, which indicates that the inclusion of a foreign choice-of-law provision in an agreement to arbitrate does not invalidate the agreement as an impermissible prospective waiver of federal statutory rights.

Generations timely filed its notice of appeal on March 29, 2016.

**Result below:**

The United States District Court for the Middle District of North Carolina denied the second renewed motion to dismiss filed by Generations, which is a decision appealable pursuant to 9 U.S.C. § 16(a).

**Issue(s) on appeal:**

Whether the district court erred in denying Generations' second renewed motion to dismiss pursuant to the Federal Arbitration Act, as construed and interpreted by the United States Supreme Court.

**Related cases pending before this Court:**

Other than the appeals which have been consolidated with this appeal (16-1362 and 16-1373), Defendant-Appellant Generations is unaware of any related cases currently pending before this Court.

## ATTACHMENT B

*James Dillon v. BMO Harris Bank, N.A., et al.*, No. 16-1351

| Adverse Party: **James Dillon** | |
|---|---|
| Attorneys:<br><br>Darren T. Kaplan<br>CHITWOOD HARLEY HARNES LLP<br>1350 Broadway, Suite 908<br>New York, NY 10018<br>917-595-4600<br>dkaplan@chitwoodlaw.com<br><br>F. Hill Allen, IV<br>THARRINGTON SMITH LLP<br>P.O. Box 1151<br>Raleigh, NC 27602-1151<br>919-821-4711<br>hallen@tharringtonsmith.com<br><br>Hassan A. Zavareei<br>Jeffrey D. Kaliel<br>TYCKO & ZAVAREEI LLP<br>2000 L Street, N.W., Suite 808<br>Washington, D.C. 20036<br>202-973-0900<br>hzavareei@tzlegal.com<br>jkaliel@tzlegal.com<br><br>Jeffrey M. Ostrow<br>KOPELOWITZ OSTROW P.A.<br>200 S.W. 1st Ave, Suite 1200<br>Ft. Lauderdale, FL 33301<br>954-525-4100<br>ostrow@kolawyers.com | Attorneys (cont):<br><br>John Austin Moore<br>Norman E. Siegel<br>Steve Six<br>STUEVE SIEGEL HANSON LLP<br>460 Nichols Road, Suite 200<br>Kansas City, MO 64112<br>816-714-7100<br>moore@stuevesiegel.com<br>siegel@stuevesiegel.com<br>six@stuevesiegel.com |

# ATTACHMENT C

*James Dillon v. BMO Harris Bank, N.A., et al.*, No. 16-1351

| | |
|---|---|
| Jeffrey M. Ostrow<br>KOPELOWITZ OSTROW PA<br>954-525-4100<br>200 SW 1st Avenue<br>Fort Lauderdale, FL 33301<br><br>Matthew C. Sostrin<br>MAYER BROWN, LLP<br>71 South Wacker Drive<br>Chicago, IL 60606<br><br>Etan Tepperman<br>PULMAN, CAPPUCCIO, PULLEN,<br>BENSON & JONES, LLP<br>Suite 400<br>2161 Northwest Military Highway<br>San Antonio, TX 78213 | Ann Ferebee<br>BRYAN CAVE, LLP<br>Suite 1400A<br>One Atlantic Center<br>1201 West Peachtree Street, NW<br>Atlanta, GA 30309-3488<br><br>John Austin Moore<br>Norman E. Siegel<br>STUEVE SIEGEL HANSON, LLP<br>Suite 200<br>460 Nichols Road<br>Kansas City, MO 64112<br><br>Jeffrey D. Kaliel<br>TYCKO & ZAVAREEI LLP<br>Suite 808<br>1828 L Street NW<br>Washington, DC 20036 |