# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## No. 16-1351 (L)
## (1:13-cv-00897-CCE-LPA)

JAMES DILLON,
*Plaintiff-Appellee*,

v.

GENERATIONS FEDERAL CREDIT UNION,
*Defendant-Appellant*,

and

BMO HARRIS BANK, N.A.; FOUR OAKS BANK & TRUST COMPANY; BAY CITIES BANK
*Defendants*

## No. 16-1362
## (1:13-cv-00897-CCE-LPA)

JAMES DILLON,
*Plaintiff-Appellee*,

v.

BMO HARRIS BANK, N.A.,
*Defendant-Appellant*

and

FOUR OAKS BANK & TRUST COMPANY; GENERATIONS FEDERAL CREDIT UNION; BAY CITIES BANK,

*Defendants*

---

No. 16-1373
(1:13-cv-00897-CCE-LPA)

---

JAMES DILLON,
*Plaintiff-Appellee*,

v.

BAY CITIES BANK,
*Defendant-Appellant*,

and

BMO HARRIS BANK, N.A.; FOUR OAKS BANK & TRUST COMPANY; GENERATIONS FEDERAL CREDIT UNION,
*Defendants*.

---

Appeal from Order of the United States District Court for the
Middle District of North Carolina, No. 1:13-cv-00897-CCE (Eagles, J.)

---

**APPELLANTS' JOINT MOTION FOR
LEAVE TO FILE SEPARATE BRIEFS IN APPEAL NO. 16-1373**

---

Bay Cities Bank ("Bay Cities"), BMO Harris Bank, N.A. ("BMO") and Generations Federal Credit Union ("Generations"), Appellants in the above-captioned appeals, respectfully move this Court for an order under Local Rule

28(d) permitting Appellant Bay Cities to file a separate opening and reply brief (and permitting Appellee James Dillon to respond to Bay Cities separately as well) in Bay Cities' appeal, No. 16-1373.  BMO and Generations join in this request but do not seek leave to file their own briefs; rather, they propose to file a combined brief in the event that Bay Cities is permitted to file a separate brief.  Alternatively, in the event that the Court does not permit separate briefing in Bay Cities' appeal, Appellants respectfully request, under Local Rule 32(b), an order permitting both Appellants and Appellee  side to file  opening, answering, and reply briefs that exceed the length limitations set forth in FRAP 32(a)(7) by 33 percent.  Either way, the parties agree to prepare a single consolidated appendix for all three appeals.

Good cause exists for the relief sought in this motion because the issues raised in Bay Cities' appeal sharply diverge from the issues raised in the other two Appellants' appeals.  The District Court entered three separate orders denying the three Appellants' motions to compel arbitration.  In the orders involving BMO and Generations, which were entered on March 4, 2016, the District Court held that tribal choice-of-law clauses rendered the arbitration agreements relied on by BMO and Generations  unenforceable under this Court's decision in *Hayes v. Delbert Services Corp.*, 811 F.3d 666 (4th Cir. 2016).  *See Dillon v. BMO Harris Bank,* Middle District of North Carolina, Case No. 1:13-cv-00897, Dkt. Nos. 215, 216.

BMO's and Generations's appeals thus raise the question of whether the District Court correctly applied *Hayes*.

By contrast, the order involving Bay Cities, which was entered on March 23, 2016, did not involve tribal law or *Hayes*. *See* Dkt. No. 217. Instead, the District Court denied Bay Cities' motion because, in the Court's view, Bay Cities had failed to meet an evidentiary burden to establish that an agreement to arbitrate existed. *See id.* at p. 6. The District Court's order is 23 pages long and discusses numerous factual and evidentiary issues that have no bearing on the appeals by BMO or Generations. Because the District Court ruled on evidentiary grounds, the order involving Bay Cities, unlike the other two orders, does not discuss *Hayes* or the substantive enforceability of the arbitration agreements relied upon by Bay Cities. *See id.* Bay Cities' appeal will raise questions regarding the relevant legal standard as to evidentiary burdens applicable to a motion to compel arbitration, the District Court's role in ruling on evidentiary objections, and the merits of the District Court's evidentiary rulings—entirely separate issues from those raised in the BMO and Generations appeals. Thus, the Appellants do not anticipate that Bay Cities' appeal (No. 16-1373) will involve any overlapping issues with BMO's and Generations's appeals (Nos. 16-1351(L) and 16-1362).

Separate briefing of Bay Cities' appeal would therefore eliminate confusion and significantly improve the presentation of the issues to this Court. Moreover, it

would avoid imposing an undue hardship on the Appellants, who are represented by separate counsel and who filed and briefed their motions to compel arbitration separately in the District Court.  Without the relief sought in this Motion, the Appellants would be required to allocate space amongst themselves to address the distinct issues raised in the respective appeals.

While the most efficient way to alleviate this concern would be to permit separate briefing in Bay Cities' appeal, these concerns potentially could also be addressed by increasing the amount of space the parties have in which to address these issues in a single set of consolidated briefs.  Accordingly, in the event this Court does not permit Bay Cities to file a separate brief, the Appellants request 33 percent expansion of the length limitations under FRAP 32(a)(7).

Notwithstanding the relief sought in this Motion, because all three appeals share a common procedural background, the Appellants will submit a combined appendix for the consolidated appeals.

Pursuant to Local Rule 27(a), counsel for the three Appellants have conferred with counsel for Appellee and informed counsel for Appellee that they intend to file this Motion.  Appellee does not consent to the Motion.

Dated:  April 19, 2016                    Respectfully submitted,

                                          BRYAN CAVE LLP

                                          */s/ Eric Rieder*
                                          Eric Rieder

*/s/ Leslie Sara Hyman*
Eric A. Pullen
Leslie Sara Hyman
Etan Tepperman
PULMAN, CAPPUCCIO,
PULLEN, BENSON & JONES, LLP
2161 NW Military Highway, Suite 400
San Antonio, TX 78213
Telephone: (210) 222-9494
Facsimile: (210) 892-1610
epullen@pulmanlaw.com
lhyman@pulmanlaw.com
etepperman@pulmanlaw.com

Reid C. Adams, Jr.
Garth A. Gersten
Jonathan R. Reich
WOMBLE CARLYLE SANDRIDGE
& RICE, LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
cadams@wcsr.com
ggarth@wscr.com
jreich@wscr.com

*Attorneys for Defendant-Appellant Generations Federal Credit Union*

1290 Avenue of the Americas, 35th Floor
New York, NY 10104
Phone: (212) 541-2057
erieder@bryancave.com

Michael P. Carey
1201 W. Peachtree St., N.W.
Suite 1400A
Atlanta, Georgia 30309
Phone: (404) 572-6863
Fax: (404) 420-0863
michael.carey@bryancave.com

Mark Vasco
One Wells Fargo Center
302 S. College Street, Suite 3400
Charlotte, NC 28202
Phone: (704) 749-8930
Fax: (704) 749-8990
mark.vasco@bryancave.com

*Attorneys for Defendant-Appellant Bay Cities Bank*


MAYER BROWN LLP

*/s/ Kevin Ranlett*
Kevin Ranlett
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

Lucia Nale
Debra Bogo-Ernst
MAYER BROWN LLP
71 South Wacker Drive

Chicago, IL 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711

Mary K. Mandeville
ALEXANDER RICKS PLLC
2901 Coltsgate Road, Suite 202
Charlotte, N.C. 28211
Telephone: (704) 200-2635
Facsimile: (704) 365-3676

*Attorneys for Defendant-Appellant BMO Harris Bank, N.A.*

6570772.26570772.1

## CERTIFICATE OF SERVICE

I certify that on this 19th day of April, 2016, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ Eric Rieder

Eric Rieder

6570772.26570772.1